

DA 08-0531

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 255N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SARAH RUTH RICE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 08-025
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

                  Submitted on Briefs:  June 25, 2009

                           Decided:  August 3, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sarah Ruth Rice (Rice) appeals from the denial of her motion to suppress evidence and final judgment convicting her of driving under the influence of alcohol (DUI), fourth offense, felony, by the Twelfth Judicial District Court, Hill County. We affirm.

¶3 The issue on appeal is whether the police officer had particularized suspicion to stop Rice.

¶4 Slightly after 4:00 in the morning of Friday, February 29, 2008, Havre Police Officer Allen Koch (Koch) and Lieutenant William Wilkinson (Wilkinson) observed Rice's vehicle slowly pull away from the curb and drive down the street. Officer Koch observed that Rice was driving "unusually slowly," and he began following her down residential streets. Koch noted that although the posted speed limit was 15-25 MPH, Rice drove no faster than 10 MPH. Both officers observed Rice's vehicle drift toward the left side or center of residential streets unmarked with center lines. The officers further observed that Rice had to pull her vehicle back into her lane when another police vehicle approached in the oncoming lane. Based on his observations, Officer Koch stopped

2

Rice's vehicle. The patrol car's onboard video camera recorded Rice's driving before she was stopped.

¶5 Officer Koch's resulting investigation produced evidence that led the State to charge Rice with felony DUI, driving while the privilege to do so is suspended or revoked, and driving while a habitual traffic offender. Rice moved to suppress the evidence against her, arguing that Officer Koch lacked particularized suspicion to stop her vehicle. The District Court held an evidentiary hearing on the motion on June 12, 2008. The court heard testimony from Officer Koch and Lieutenant Wilkinson and viewed the patrol car video. The District Court denied Rice's motion to suppress. Rice pled guilty to DUI under a plea agreement, expressly reserving her right to appeal the court's denial of her motion to suppress. The State dismissed the two misdemeanor charges and the District Court sentenced Rice to a 13-month commitment to the Department of Corrections followed by a suspended two-year commitment. Rice now appeals the denial of her motion to suppress.

¶6 We review a district court's denial of a motion to suppress to determine whether the court's underlying findings of fact are clearly erroneous and whether the court correctly interpreted and applied the law to those findings. *State v. Gilder*, 1999 MT 207, ¶ 7, 295 Mont. 483, 985 P.2d 147. "A finding is clearly erroneous if it is not supported by substantial evidence, the court has clearly misapprehended the effect of the evidence, or this Court is left with a definite and firm conviction that the district court made a mistake." *Gilder*, ¶ 7.

3

¶7 Montana law provides that "a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA. The State must prove that an officer had particularized suspicion to stop a vehicle by showing: (1) objective data and articulable facts from which an officer can make certain reasonable inferences; and (2) a resulting suspicion that the person to be stopped has committed, is committing, or is about to commit an offense. *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842; *State v. Gopher*, 193 Mont. 189, 194, 631 P.2d 293, 296 (1981). Whether particularized suspicion exists is a question of fact that depends on the totality of the circumstances. *State v. Lafferty*, 1998 MT 247, ¶ 10, 291 Mont. 157, 967 P.2d 363.

¶8 Rice argues that review of the onboard videotape shows that the District Court's particularized suspicion findings were clearly erroneous. However, Rice misconceives the scope of our review on appeal. In determining whether the District Court's particularized suspicion findings were clearly erroneous, this Court reviews all of the evidence presented at the suppression hearing, not exclusively one piece of evidence such as the patrol car videotape. The District Court heard testimony from both Officer Koch and Lieutenant Wilkinson, and viewed the videotape of Rice's driving prior to the traffic stop. The court listed the following objective data that provided Officer Koch with particularized suspicion for the stop: unusually slow operation of the vehicle, drifting several times toward the center of the roadway, and the maneuver to avoid on-coming traffic. Thus, the District Court's finding of particularized suspicion was supported by

4

substantial evidence. We conclude that the District Court's denial of Rice's motion to suppress was not clearly erroneous based on the totality of the circumstances.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are factual and there clearly is sufficient evidence to support the findings of fact below.

¶10    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE